# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-20645
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

April 13, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ADRIAN CARABELLO, also known as Julio Contreras, also known as Romon Ortega, also known as Wilfred Mantavaldo, also known as Steven Olivarez, also known as Estiven Olivarez, also known as Adriano Roja,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:04-CR-276-6

Before HIGGINBOTHAM, PRADO, and HAYNES, Circuit Judges.

PER CURIAM:*

Adrian Carabello appeals the denial of his 18 U.S.C. § 3582(c)(2) motion in which he argued that he was entitled to a reduction of his sentence based on Amendment 782 to the Sentencing Guidelines. Carabello pleaded guilty to conspiracy to possess with intent to distribute one kilogram or more of heroin in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A)(i) and was sentenced to 168

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

months of imprisonment.  On appeal, Carabello argues that the district court erred in denying his motion for a sentence reduction because the court failed to properly consider the 18 U.S.C. § 3553(a) factors and to state its reasons for the denial.  He also complains that the district court failed to consider his post-sentencing conduct.

The district court's decision whether to reduce a sentence under § 3582(c)(2) is reviewed for an abuse of discretion.  *United States v. Henderson*, 636 F.3d 713, 717 (5th Cir. 2011).  "A district court abuses its discretion if it bases its decision on an error of law or a clearly erroneous assessment of the evidence."  *Id.* (internal quotation marks and citation omitted).

Even though Carabello is eligible for a sentence reduction under § 3582(c)(2), he is not automatically entitled to one.  Modification of a defendant's sentence under § 3582(c)(2) is discretionary, and the district court is not required to reduce a defendant's sentence even when the defendant satisfies the eligibility requirements of U.S.S.G. § 1B1.10.  *See United States v. Doublin*, 572 F.3d 235, 238 (5th Cir. 2009); *see also* § 1B1.10, comment. (backg'd) ("The authorization of such a discretionary reduction does not . . . entitle a defendant to a reduced term of imprisonment as a matter of right").  The district court is also not required to give a detailed explanation of its decision to deny relief under § 3582(c)(2).  *See United States v. Evans*, 587 F.3d 667, 674 (5th Cir. 2009); *United States v. Whitebird,* 55 F.3d 1007, 1010 (5th Cir.1995).

The court is required to consider the appropriate § 3553(a) factors. *Dillon v. United States*, 560 U.S. 817, 827 (2010).  Carabello complains that "[t]here is nothing in the record to reflect that the district court properly considered [his] motion and the § 3553(a) factors."  Yet, the district court specified in its order that it had considered the appropriate § 3553(a) factors

and the policy statement in § 1B1.10 and determined that a reduction was not warranted.   Finally, Carabello complains that the district court failed to consider his good institutional conduct, including his completion of various certificate programs while serving his sentence, as well as the fact that he will be deported as soon as his sentence is complete.   There is no indication in the record that these arguments were presented to the district court.   In any case, the district court was not required to consider any post-sentencing rehabilitative conduct.   *See* § 1B1.10, comment. (n.1(B)(iii)); *Evans*, 587 F.3d at 673 & n.10.

The denial of Carabello's motion for a sentence reduction was not an abuse of discretion in light of the facts of this case and the wide discretion granted to district courts under § 3582(c)(2).   *Henderson*, 636 F.3d at 717.   The district court's judgment is AFFIRMED.